**FILED**
**Feb 05, 2026**
**10:43 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Patricia Johnson | Docket No. 2023-06-6072 |
| v. | State File No. 67210-2022 |
| Dollar General Corporation | |
| Appeal from the Court of Workers' Compensation Claims Kenneth M. Switzer, Chief Judge | |

---

### Vacated and Remanded

---

In this appeal, the employer asserts the trial court erred by awarding certain medical benefits after conducting a motion hearing rather than an expedited hearing, arguing that it did not receive proper notice of the nature of the hearing. The employer also argues that the court erred in its assessment and characterization of the medical evidence and that the employer's referral to the compliance program was procedurally improper, unsupported by evidence, and resulted in additional prejudice. In response, the employee asserts that an expedited hearing was unnecessary and that the court did not err in ordering medical benefits at a motion hearing. Having thoroughly reviewed the record, we vacate the trial court's order and remand the case for further proceedings consistent with this opinion.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

A. Allen Grant and Ryann Freemon, Nashville, Tennessee, for the employer-appellant, Dollar General Corporation

Jill T. Draughon, Nashville, Tennessee, for the employee-appellee, Patricia Johnson

### Factual and Procedural Background

The underlying facts of this claim are largely undisputed. On September 18, 2022, Patricia Johnson ("Employee") fell at work and injured her back and legs in the course and scope of her employment with Dollar General Corporation ("Employer"). Employer accepted the compensability of the accident and provided certain workers' compensation benefits, including medical care with an orthopedist and pain management provider from

October 2022 through April 2023.  Employee then relocated to Mississippi, transferring to one of Employer's Mississippi locations.

Thereafter, Employee sought treatment at a Mississippi urgent care facility where she received recommendations for pain management treatment and a neurosurgical evaluation.  She filed a petition for benefit determination in August 2023, seeking orthopedic and pain management panels in Mississippi, along with wage information.  Employer provided panels on August 30, 2023, and wage information was provided in October.  Employee selected physicians from the panels provided, but appointments with the chosen providers were never scheduled.  After the parties had exhausted the alternative dispute resolution process, a Dispute Resolution Statement was issued on January 25, 2024, indicating that the physicians chosen from the panels had requested Employee's medical records and were in the process of reviewing them.[1]  At an April 2024 status hearing, Employer advised the court that it was in the process of finding new providers because both providers originally selected from the panels had declined to treat Employee.  As a result, the court reset the status hearing for August 5, 2024.

In July 2024, Employee was evaluated by a neurosurgeon, Dr. Matthew VanLandingham, who later became her authorized treating physician.[2]  Dr. VanLandingham ordered an updated MRI of the lumbar spine and cervical spine and advised Employee that treatment would depend on the results of her updated imaging.  He provided an opinion that

> [w]ithin a reasonable degree of medical probability based on the patient's history and records provided, [Employee's] clinical presentation of low back pain, left lower extremity radiculopathy[,] and cervical myelopathy was caused by her injury at work in September 2022.  I do not have any imaging available for my independent review to determine if her underlying structural pathology preexisted the injury at work or appears acute.  Will clarify once imaging is available.

Employer authorized the cervical MRI but not the lumbar MRI.  On September 5, 2024, Employee filed a motion for referral to mediation, maintaining that the authorized treating physician "ordered an MRI on 7/26/24 and[,] to[]date, the MRI was not scheduled nor was the order sent to [utilization review]."  The court granted Employee's motion to refer the case to mediation and, in a status hearing order dated October 9, it documented Employer's statement to the court that it would schedule the lumbar MRI.  Following mediation, a dispute certification notice ("DCN") was issued on October 21, 2024.  The DCN indicated

---

[1] At the time, a "dispute resolution statement" was an internal form used by Bureau mediators to reflect the resolution of one or more pending issues in the case.

[2] As the court noted in its order, "no panel or other information suggesting how [Dr. VanLandingham] was chosen is in the [record]."

no current disputed issues and stated that Employee's MRI had been completed. An addendum to the DCN suggested that Employer had delayed scheduling the MRI and that Employee's counsel had requested a DCN be issued with a referral for penalties.

Dr. VanLandingham reviewed the cervical and lumbar imaging in November and recommended an anterior cervical discectomy and fusion at C4-5. In response to a questionnaire sent by Employee's counsel on December 16, 2024, Dr. VanLandingham agreed that Employee was "currently off work primarily (50% or more) due to the work injury" and wrote that her "cervical spondylosis and stenosis likely pre-existed the fall, but the fall caused the patient to become symptomatic." He agreed that both the lumbar compression fracture/disc herniation and the need for a cervical fusion are primarily related to the work-related accident on September 17, 2022.

During a January 2025 status hearing, the parties advised the court that Employee was still treating and in need of surgery. Employee then filed a request for an expedited hearing in March along with an affidavit stating that the recommended surgery still had not been authorized and that she had not received temporary disability benefits since November 19, 2024. The parties filed an agreed order on April 24, 2025, which the trial court approved, stating that Employer had agreed to provide the cervical surgery and temporary disability benefits sought by Employee in her hearing request, thus obviating the need for an expedited hearing. On May 12, Employee filed a motion to enforce the order as it pertained to temporary total disability ("TTD") benefits. Employer filed a response on May 19, indicating that temporary benefits had been paid. It also paid additional benefits representative of the 25% penalty that could be assessed by the court pursuant to Tennessee Code Annotated section 50-6-205(b)(3). Consequently, Employee withdrew her motion to enforce the agreed order, and the cervical surgery was performed in May 2025.

On June 4, 2025, Employee filed a motion asking the court to order Employer to provide a rollator walker prescribed by Dr. VanLandingham post-surgery. The motion itself was entitled "Motion to Compel Discovery"; however, there was no request for outstanding discovery contained therein. In its response, Employer noted that the reason for the delay was because its nurse case manager did not have a copy of the order for the rollator walker. Employer asserted that since the filing of Employee's motion, the order had been received and had been "pre-approved by the adjuster." Employer also asserted that a motion to compel was "not the proper procedural avenue for demanding authorization of treatment. Instead, Employee should have filed a Request for Expedited Hearing. *See* [Tennessee Code Annotated section] 50-6-239(d)."

On June 26, Employee filed another request for an expedited hearing accompanied by a "motion to compel rollator walker, TTD benefits, and mileage reimbursement," and an affidavit from Employee. The trial court held a status hearing on July 7 and noted in a subsequent order that Employer conceded these benefits were owed, that it had not yet

provided them, and that it was working to furnish them. The court set an in-person expedited hearing for August 13 if the benefits were not provided prior to that date. On August 7, the parties filed an agreed order to "vacate" the expedited hearing, apparently because Employee had received the benefits she had requested in her motion.

With respect to the present dispute, Employee filed a "motion to compel" on October 16, 2025. The motion asserted that Employer had failed to authorize another lumbar MRI and the physical therapy ordered by Dr. VanLandingham on June 24, 2025, and, again, on September 26. Employee attached exhibits to the motion contending that the authorized provider emailed an order for the MRI directly to the nurse case manager on September 25, and that she acknowledged receipt of this correspondence on October 14 but claimed that she was still waiting for authorization from the adjuster. Counsel for Employee also sent Employer's attorney a copy of the physical therapy orders on October 3; however, physical therapy and the MRI were not approved, and the mileage reimbursement request was not paid. Employee also sought attorney's fees in the motion based on Employer's failure to timely provide the benefits it owed.

In its response to Employee's motion, Employer argued that a motion to compel was "not the proper procedure for the [c]ourt to order the requested benefits. Rather, the proper procedure would be to request an expedited hearing." Employer also asserted that it was unclear whether Employee's lumbar issues were related to the work incident and that Employee's request for attorney's fees and penalties was "unsupported and not appropriate at this stage of litigation."

On October 27, 2025, the court issued a Docketing Notice entitled "Notice of Status – Motions to Compel Benefits." The notice directed both parties to participate in a telephonic hearing on November 5 that would "be conducted in accordance with the Tennessee Rules of Evidence and Tennessee Rules of Civil Procedure pursuant to Tennessee Code Annotated section 50-6-239(c)(1)." Employee filed a reply to Employer's response the same day that the notice was issued, arguing, in part, that a "full[-]blown expedited hearing with in-person testimony is not needed[,] which is why we filed the [m]otion to [c]ompel which could be argued by phone." She contended that Employer's stance and questioning of medical causation related to the lumbar spine is "ludicrous," pointing out that Employer has furnished treatment for the lumbar spine throughout the pendency of the claim.

On November 5, the court heard Employee's motion to compel via telephone.[3] Employee pointed to multiple occasions where she was forced to file a motion to receive the benefits to which she was entitled and argued that Dr. VanLandingham's December 2024 causation letter primarily related her neck and back injuries to the work incident.

---

[3] During the hearing, the parties announced that mileage reimbursement was no longer in dispute.

4

Conversely, Employer maintained during the hearing that there were "questions" as to causation with respect to the low back condition, especially given that Dr. VanLandingham practices in Mississippi and may be unfamiliar with Tennessee's causation standards. Employer acknowledged receiving Dr. VanLandingham's order for physical therapy but confirmed it had not spoken with him since.[4]

In an "Order Granting Medical Benefits" issued on November 10, the court first observed that this is an accepted claim with "a history of delays" regarding the provision of workers' compensation benefits to Employee. The court emphasized that compensability is not a certified issue on any DCN and that Dr. VanLandingham used language "both favorable to [Employee] and similar to the [Tennessee] statutory language." The court concluded that Dr. VanLandingham's statements were clear and unambiguous and observed that Employer took no affirmative action to address what it deemed to be questionable evidence of medical causation. Without addressing whether Employee had come forward with sufficient evidence indicating a likelihood of prevailing at a hearing on the merits, the court granted Employee's motion to compel Employer to provide the recommended physical therapy and MRI. In addition, the trial court denied Employee's request for attorney's fees due to the procedural posture of the case but referred the case to the Bureau's compliance program for investigation and possible penalties based on Employer's alleged failure to timely provide the benefits it owed. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Further, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).

---

[4] Employer also acknowledged during the hearing that Dr. VanLandingham used the language "with a reasonable degree of medical certainty" in responding to Employee's medical causation letter, but it asserted that recent medical records raised questions regarding whether Employee's low back complaints are primarily caused by the work injury. Other than those statements, Employer did not articulate the basis for its concerns regarding causation during the hearing.

**Analysis**

In its notice of appeal, Employer asserts: (1) the trial court erred by ordering benefits at a "status hearing" instead of an expedited hearing; (2) that it lacked proper notice of the nature of the hearing and that the hearing was "converted" to an expedited hearing improperly; (3) that the court erred in its assessment and characterization of the medical evidence; and (4) that its referral to the compliance program was procedurally improper, unsupported by evidence, and resulted in additional prejudice. For her part, Employee asserts that a "full[-]blown expedited hearing with in-person testimony was not needed in this instance," which is why she filed a motion to compel and asked that it be conducted by telephone. Employee contends that "motion practice" has not been eliminated "[u]nder the new law" and that if the court determined that a request for expedited hearing should have been filed instead of a motion, "the only difference in the documents submitted would have been the wording."

As an initial matter, we must consider the context of the hearing that took place on November 5, which Employer contends was a "status hearing." The October 27 Docketing Notice scheduling the hearing on Employee's motion is titled "Notice of Status – Motions to Compel Benefits." The second sentence of the notice stated that "Your Status Motions to Compel Benefits" would take place "via telephone." A close review of the document reveals that the parties were notified that a failure to call at the appointed time could "result in a determination of the issues without your further participation" and that "[t]he hearings will be conducted in accordance with the Tennessee Rules of Evidence and Rules of Civil Procedure [Tennessee Code Annotated section 50-6-239(c)(1)]."[5] Under the circumstances, we agree with Employer that the title of the document and certain language in the document are subject to different reasonable interpretations, and the parties dispute whether the notice itself established that the November 5 hearing would address substantive issues concerning whether additional benefits should be awarded.

However, it is also clear that the purpose of Employee's motion was to compel Employer to provide certain benefits, and Employer was well aware of the purpose of the motion given that it responded to the substance of that motion in writing. Although Employer objected to the motion on procedural grounds, stating a request for expedited hearing was the appropriate pleading through which to obtain the benefits sought, it also responded substantively to the merits of the motion, indicating it now questioned causation of the alleged lumbar spine condition. Moreover, our review of the transcript reflects that Employer did not object to the procedural posture of the case during the hearing or argue the motion to compel should not be considered by the court. Instead, Employer indicated it was attempting to obtain additional information from Dr. VanLandingham, and it did not ask for the hearing to be continued for that purpose. The hearing itself included arguments

---

[5] Section 50-6-239(c)(1) contains general rules governing all hearings conducted in the Court of Workers' Compensation Claims and is not specific to any single type of hearing.

6

from both parties regarding the requested benefits and was not treated as a "status hearing" by either party. Thus, we conclude Employer's arguments regarding the procedural posture of the case and the nature of the hearing conducted on November 5 are without merit.

Next, we must consider whether, under the current scheme outlined in Tennessee's Workers' Compensation Law, the Court of Workers' Compensation Claims can order the initiation of temporary disability or medical benefits without applying the evidentiary standards set forth in Tennessee Code Annotated section 50-6-239(d)(1). That section provides, in relevant part:

> Upon motion of either party made at any time after a dispute certification notice has been issued . . . , a workers' compensation judge may, at the judge's discretion, hear disputes over issues . . . concerning the provision of temporary disability or medical benefits on an expedited basis and enter an interlocutory order *upon determining that the injured employee would likely prevail at a hearing on the merits*.

Tenn. Code Ann. § 50-6-239(d)(1) (emphasis added). The plain language of subsection 239(d)(1) indicates that a "motion" is an acceptable pleading to initiate the expedited hearing process. Thus, although a "request for expedited hearing" is a form provided by the Bureau for initiating the expedited hearing process, it is not the only method by which a party can seek relief prior to a compensation hearing.

Moreover, the regulations governing the Court of Workers' Compensation Claims define "[e]xpedited [h]earing" as a "hearing conducted before a trial on the merits to determine temporary disability and/or medical benefits." Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2023). When the parties "dispute temporary disability and/or medical benefits, either party may file a hearing request." Tenn. Comp. R. & Regs. 0800-02-21-.15(1). In addition, Rule 0800-02-21-.18(2) authorizes "any party" to file a "non-dispositive motion in accordance with the Tennessee Rules of Civil Procedure" and instructs that such motions "will be decided on the written materials unless the judge determines a hearing is appropriate." Tenn. Comp. R. & Regs. 0800-02-21-.18(2)(a). Thus, contrary to Employee's assertions regarding telephonic hearings versus in-person hearings, a trial court is given broad discretion to decide interlocutory issues with or without a hearing, and it can direct the parties as to the type of hearing that may be conducted in any given circumstance. *See, e.g.*, Tenn. Comp. R. & Regs. 0800-02-21-.15(1)(e); Tenn. Comp. R. & Regs. 0800-02-21-.18(2)(a). Nevertheless, the form of pleadings and the manner in which any particular hearing is conducted does not alter the relevant burdens of proof.

In the present case, a DCN was filed on October 21, 2024. Thereafter, following numerous delays, including requests for expedited hearings and motions to compel Employer to honor the terms of agreed orders, Employee filed a motion requesting that the

court order Employer to initiate certain medical benefits. Employer responded that a motion hearing is not the appropriate forum in which to order benefits, but we conclude that position is inconsistent with the plain language of section 239(d)(1) (providing that disputes regarding initial entitlement to temporary disability or medical benefits may be heard by the trial court "[u]pon *motion* of either party . . . at the judge's discretion").

Instead of considering the specific titles of documents or the particular forms of pleadings filed in this case, we look to substance over form. *See, e.g.*, *Garassino v. Western Express, Inc.*, No 2014-07-0013, 2016 TN Wrk. Comp. App. Bd. LEXIS 82, at *11 (Tenn. Workers' Comp. App. Bd. Nov. 7, 2016). In short, any properly-filed pleading that seeks temporary disability and/or medical benefits prior to a compensation hearing or final judgment, whether titled a "request for expedited hearing," a "motion to compel benefits," or some other pleading indicating that additional benefits are being sought, is subject to the evidentiary requirements of Tennessee Code Annotated section 50-6-239(d)(1). Thus, in appropriate circumstances, a trial judge might determine that a motion, pleading, or other document filed with the court is sufficient to request the initiation of benefits as long as it meets all statutory and regulatory requirements and prior interpretations of those requirements.[6] In any event, when ordering the initiation of medical or temporary disability benefits at an interlocutory stage of a case, the court *must* evaluate the evidence in light of the injured worker's burden of proof, *i.e.*, whether the employee has come forward with sufficient evidence to show a likelihood of prevailing at a hearing on the merits. Here, there is no statement in the trial court's order indicating that it held Employee to the appropriate evidentiary standard mandated by section 239(d)(1). Thus, we are compelled to vacate the trial court's order and remand the case for a determination as to Employee's likelihood of prevailing at a hearing on the merits in establishing her entitlement to the requested benefits. All other issues are pretermitted.

## Conclusion

For the foregoing reasons, we vacate the trial court's order and remand the case for the trial court to determine whether Employee will likely prevail at trial in establishing her entitlement to the requested benefits.

---

[6] *See generally* Tenn. Comp. R. & Regs. 0800-02-21-.15 (2023) (regarding expedited hearings) and Tenn. Comp. R. & Regs. 0800-02-21-.18 (2023) (regarding motion practice). *See also Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14 (Tenn. Workers' Comp. App. Bd. May 18, 2015); *Kirk v. Amazon.com, Inc.*, No. 2015-01-0036, 2015 TN Wrk. Comp. App. Bd. LEXIS 44 (Tenn. Workers' Comp. App. Bd Nov. 16, 2015); *Yarbrough v. Protective Services Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd LEXIS 3 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016).